IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY J. ZAPOTOCKI, III | : | CIVIL ACTION |
| | : | |
| VS. | : | |
| | : | |
| API OUTDOORS, | : | NO. 03-6190 |
| CENTAUR ARCHERY, INC., | : | |
| BOWHUNTERS DISCOUNT WAREHOUSE, INC: | | |
| OUTLAND SPORTS, INC. | : | |
| and L.L. BEAN, INC. | : | |

## L.L. BEAN, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS

1. Denied. After reasonable investigation, answering defendant, L.L. Bean, Inc. ("L.L. Bean") is without sufficient information to form a belief as to the truth of the averments of paragraph 1.

2. Denied. The averments of paragraph 2 are conclusions of law to which no responsive pleading is required.

3. Admitted.

4. Denied. After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 4.

5. Denied. After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 5.

6. Denied. After reasonable investigation, answering defendant, LL.. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 6.

7. Denied. After reasonable investigation, answering defendant, LL. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 7.

8.     Denied.  After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 8.

9.     Admitted.

10.    Denied.  After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 10.

11.    Denied.  After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 11.

12.    Denied.  After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 12.

## **COUNT I**

13.    L.L. Bean incorporates by reference it answers to paragraphs 1 through 12 as though set forth at length herein.

14.    Denied.  It is denied that L.L. Bean was negligent in any of the manners as set forth in paragraph 14(a) through (f).  By way of further answer, L.L. Bean did not design, manufacture or distribute the product described in paragraph 12 of plaintiff's Complaint.

15.    Denied.  The averments in paragraph 15 are a conclusion of law to which no responsive pleading is required.  By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

16.    Denied.  The averments in paragraph 16 are a conclusion of law to which no responsive pleading is required.  By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

17.    Denied.  The averments in paragraph 17 are a conclusion of law to which no responsive pleading is required.  By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

18. Denied. The averments in paragraph 18 are a conclusion of law to which no responsive pleading is required. By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

19. Denied. The averments in paragraph 19 are a conclusion of law to which no responsive pleading is required. By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

20. Denied. The averments in paragraph 20 are a conclusion of law to which no responsive pleading is required. By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

21. Denied. The averments in paragraph 21 are a conclusion of law to which no responsive pleading is required. By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

22. Denied. The averments in paragraph 22 are a conclusion of law to which no responsive pleading is required. By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

23. Denied. The averments in paragraph 23 are a conclusion of law to which no responsive pleading is required. By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

24. Denied. The averments in paragraph 24 are a conclusion of law to which no responsive pleading is required. By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

25. Denied. The averments in paragraph 25 are a conclusion of law to which no responsive pleading is required. By way of further answer, L.L. Bean incorporates by reference its answer to paragraph 14 as though set forth at length herein.

26. Denied. After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 26.

27. Denied. After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 27.

28. Denied. After reasonable investigation, answering defendant, L.L. Bean, is without sufficient information to form a belief as to the truth of the averments of paragraph 28.

29. Denied. It is denied that L.L. Bean was negligent in any manner as set forth in paragraph 29. By way of further answer, L.L. Bean is without information as to the truth of the remaining averments of paragraph 29.

30. Denied. It is denied that L.L. Bean was negligent in any manner as set forth in paragraph 30. After reasonable investigation, L.L. Bean is without sufficient information sufficient to form a belief as to the truth of remaining averments of paragraph 30.

31. Denied. It is denied that L.L. Bean was negligent in any manner as set forth in paragraph 31. After reasonable investigation, L.L. Bean is without sufficient information sufficient to form a belief as to the truth of remaining averments of paragraph 31.

32. Denied. It is denied that L.L. Bean was negligent in any manner as set forth in paragraph 32. After reasonable investigation, L.L. Bean is without sufficient information sufficient to form a belief as to the truth of remaining averments of paragraph 32.

## **COUNT II**

33. L.L. Bean incorporates by reference its responses to paragraphs 1 through 31 as though fully set forth at length herein.

34. Denied. The averments in paragraph 34 are a conclusion of law to which no responsive pleading is required.

WHEREFORE, L.L. Bean respectfully requests judgment in its favor and against the plaintiffs in addition to such other relief as the court may grant.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred by application of the statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's negligence and products liability claims are barred by application of the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his injuries.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by application of Pennsylvania's Comparative Negligence Act.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are the result of the acts or omissions of third persons over whom L.L. Bean exercised no control.

### SIXTH AFFIRMATIVE DEFENSE

The product described in paragraph 12 of plaintiff's Complaint was not manufactured, distributed or sole or otherwise placed into the stream of commerce by L.L. Bean.

WHEREFORE, L.L. Bean demands judgment in its favor and against the plaintiff in addition to such other relief as the court deems appropriate.

### CROSS-CLAIMS AGAINST CENTAUR ARCHERY, INC. AND BOWHUNTERS DISCOUNT WAREHOUSE, INC.

If plaintiff, Stanley J. Zapotocki, establishes that he suffered damages and is entitled to recover for same, such damages being expressly denied by L.L. Bean, then Centaur Archery, Inc. and Bowhunters Discount Warehouse, Inc. are alone liable to plaintiff, or are jointly and/or

severally liable to plaintiff and/or liable over to L.L. Bean by way of contribution or indemnification.

      WHEREFORE, L.L. Bean demands judgment in its favor and against the co-defendants, Centaur Archery, Inc. and Bowhunters Discount Warehouse, Inc., in addition to such other relief as the court deems appropriate.

                    WILLIAM J. DEVLIN, JR. & ASSOCIATES


            By:    /s/William J. Devlin, Jr.
                    _____
                    William J. Devlin, Jr., Esquire
                    Atty. I.D. # 42717
                    Suite 200, 100 West Elm Street
                    Conshohocken, PA   19428
                    610-397-4614
                    Attorney for Defendant, L.L. Bean, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY J. ZAPOTOCKI, III | : | CIVIL ACTION |
| | : | |
| VS. | : | |
| | : | |
| API OUTDOORS, | : | NO. 03-6190 |
| CENTAUR ARCHERY, INC., | : | |
| BOWHUNTERS DISCOUNT WAREHOUSE, INC | : | |
| OUTLAND SPORTS, INC. | : | |
| and L.L. BEAN, INC. | | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Answer of Defendant, L.L. Bean, to Plaintiff's Complaint with Affirmative Defenses and Cross-claims was served on the parties/counsel named below via First Class Mail, postage prepaid, and postmarked November 5, 2004:

Kevin J. Kelleher, Esquire
Butterfield, Joachim, Schaedler & Kelleher
901 West Lehigh Street, Suite 200
Bethlehem, PA  18016-1425
Attorney for Plaintiff

Mark G. Stingley, Esquire
1200 Main Street, Ste. 3500
Kansas City, Missouri  64105
Attorney for Defendant,
API OUTDOORS, INC., A division of
OUTLAND SPORTS, INC.

CENTAUR ARCHERY, INC.
45 Hollinger Circle #2
Kitchener, Ontario, Canada N2K 2Z1

BOWHUNTERS DISCOUNT WAREHOUSE, INC.
1045 Ziegler Road
P.O. Box 156
Wellsville, RI  17365


By:     /s/William J. Devlin, Jr.
_____
William J. Devlin, Jr., Esquire
Atty. I.D. # 42717
Suite 200, 100 West Elm Street
Conshohocken, PA   19428
610-397-4614
Attorney for Defendant, L.L. Bean, Inc.